MATTER OF ALVAREZ-RIERA

In Deportation Proceedings

A-11384468

*Decided by Board February 3, 1967*

Motion to reopen deportation proceedings to permit application for adjustment of status under the Act of November 2, 1966 is denied, without prejudice, in the case of respondent, a Cuban refugee, since he was not "inspected and admitted or paroled" into the United States as required by the Act, having last entered this country by fording the Rio Grande River on September 9, 1959, at which time he did not present himself for inspection by an immigration officer.

CHARGE:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Entered without inspection.

The respondent, a native and citizen of Cuba, has been found deportable under the provisions of section 241(a)(2) of the Immigration and Nationality Act in that he entered the United States without inspection. A warrant for his deportation dated October 21, 1959 is outstanding. He has moved for a reopening of the proceeding to permit consideration of an application for an adjustment of status pursuant to the Cuban Refugee Act of November 2, 1966. The motion was denied by the special inquiry officer by an order entered on January 12, 1967. The respondent appeals from this order.

The respondent, a Cuban refugee, last entered the United States near the port of Laredo, Texas on September 9, 1959. He forded the Rio Grande River and did not present himself for inspection by an immigration officer. The respondent concedes that he is deportable as charged in the order to show cause.

The Act of November 2, 1966 provides for the adjustment of status of Cuban refugees who have been inspected and admitted or paroled into the United States. The special inquiry officer denied the motion to reopen inasmuch as the respondent was not inspected and admitted or paroled into the United States. The respondent, in his notice of appeal (Form I-290A), maintains that the Act of November 2, 1966 was passed for the benefit of all Cubans who fled from the tyranny of

Castro; that while in Mexico he attempted to obtain a visa from the American Consul in order to enter the United States lawfully but was refused. The respondent informs us that his wife resides with him at Philadelphia, Pennsylvania and is employed as a dietician and that he has one son who is serving in the United States Army.

We have carefully reviewed the record before us. While we are sympathetic with the respondent's desire to remain in the United States with his family and to become an American citizen, we are not aware of any provision under the immigration laws which would permit him to adjust his status to that of a permanent resident alien at the present time. We will, however, dismiss the appeal without prejudice to consideration of a motion to reopen to apply for such relief as may be available in the future.

**ORDER:** It is directed that the appeal be and the same is hereby dismissed without prejudice to consideration of a motion to reopen to apply for such relief as may become available to the alien.